**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| DEUTSCHE BANK TRUST COMPANY AMERICAS, in its capacity as successor indenture trustee for certain series of Senior Notes, LAW DEBENTURE TRUST COMPANY OF NEW YORK, in its capacity as successor indenture trustee for certain series of Senior Notes, and WILMINGTON TRUST COMPANY, in its capacity as successor indenture trustee for the PHONES Notes,<br><br>Plaintiffs,<br><br>vs.<br><br>U.S. BANK, N.A.,<br><br>Defendant. | Court File No. 11-cv-1452 (MJD/AJB)<br><br>**PLAINTIFFS' SECOND AMENDED MOTION TO STAY** |

**PLAINTIFFS' SECOND AMENDED MOTION TO STAY DEFENDANT'S TIME TO ANSWER OR OTHERWISE RESPOND TO THE COMPLAINT IN THIS ACTION**

Plaintiffs, Deutsche Bank Trust Company Americas in its capacity as successor indenture trustee for a certain series of Senior Notes ("DBTCA"), Law Debenture Trust Company of New York, in its capacity as successor indenture trustee for a certain series of Senior Notes ("Law Debenture"), and Wilmington Trust Company, in its capacity as successor indenture trustee for the PHONES Notes ("Wilmington Trust" and, together with DBTCA and Law Debenture, "Plaintiffs"), on July 6, 2006 filed Plaintiffs' Amended Motion to Stay Defendant's Time to Answer or Otherwise Respond to the Complaint in this Action, a Notice of Hearing, Memorandum of Law, Declaration and Exhibits in

support of Plaintiffs' motion and submitted a Proposed Order ("Original Stay Papers"). The Court, in its July 18, 2011 Order Cancelling Hearings on Plaintiffs' Amended Motions to Stay, canceled the hearings set for July 20, 2011 and required any party who desires a hearing to file a request of hearing by 5 pm, Tuesday, July 26, 2011.

Plaintiffs moved the Court for the stay pursuant to the Orders of the United States Bankruptcy Court for the District of Delaware in *In re Tribune Company, et al.*, Case No. 08-13141 (KJC) dated April 25, 2011 (Dkt. No. 870) ("SLCFC Order") and May 19, 2011 (Dkt. No. 8949) ("Protective Order"), Federal Rules of Civil Procedure 26(b) and (d) and Local Rule 16.1, and the Court's inherent authority to manage its docket. Although the Original Stay Papers were intended to be consistent with the SLCFC Order, Judge Kevin J. Carey, Chief United States Bankruptcy Judge, observed during a July 15, 2011 telephone conference requested by a shareholder defendant in one of the SLCFC Cases that the proposed order should more closely track the explicit terms of the SLCFC Order. Specifically, Judge Carey observed that the references to (i) the October 31, 2011 date (or any date certain), and (ii) confirmation of a plan of reorganization by the Bankruptcy Court as triggering dates for the stay to terminate were not entirely in line with the terms of the SLCFC Order. Plaintiffs accordingly in this Second Amended Motion to Stay and in a Revised Proposed Order have revised the language of the requested relief so that the only events that should trigger the time for Defendant to respond to the Complaint or commence motion practice are further orders by the Bankruptcy Court or this Court that affect the stay, and so that the language of the requested relief otherwise tracks the language of the SLCFC Order.

THEREFORE, Plaintiffs, by and through Counsel, move this Court, for an Order:

1. Staying the time for Defendant to respond to the Complaint in this action or commence motion practice until further order of the Bankruptcy Court for the District of Delaware in *In re Tribune Co.*, No. 08-13141 (KJC), or further Order of this Court (the "Stay") and holding in abeyance during the pendency of the Stay any applicable deadlines under Federal Rules of Civil Procedure 23 or 26 (or their local counterparts).

2. Permitting Plaintiffs to:

   a. amend the Complaint or move for leave to amend the Complaint;

   b. voluntarily dismiss this action or one or more defendants pursuant to Federal Rule of Civil Procedure 41;

   c. move to add or drop a party or to sever any claim against a party pursuant to Federal Rule of Civil Procedure 21;

   d. move to consolidate and/or coordinate this action with any other action, without limitation, by making a motion pursuant to 28 U.S.C. § 1407 and the applicable Rules of Procedure of the U.S. Judicial Panel on Multidistrict Litigation, or any applicable state rules;

   e. file a motion pursuant to Federal Rule of Civil Procedure 26(d)(1) seeking preconference discovery that may be necessary solely for the purpose of preventing applicable statutes of limitations or other time-related defenses from barring any state law constructive fraudulent conveyance claims against any former Tribune

shareholder to recover stock redemption/purchase payments made to such shareholders in connection with the 2007 Tribune LBO; and

f. file a motion seeking modification of this Order.

3. Requiring all Defendants or their counsel to enter an appearance in this case within 30 days after the latter of entry of this Order or service of the Complaint upon Defendant, without prejudice to any defenses that Defendant may have.

4. Permitting Defendant to file responses to any motions Plaintiffs make pursuant to section 2 of this Order.

5. Permitting any Defendant who was not provided with notice of Plaintiffs' motion prior to entry of this Order, because such defendant had not yet been served with the Complaint or appeared in the action, to move this Court at any time to vacate or modify this Order upon notice to Plaintiffs and all other Defendants in this action.

6. Requesting that, at such time as the Stay is lifted or terminates, the Court set the schedule for answering or otherwise responding to the Complaint, unless the action has been transferred to another court for coordinated pretrial proceedings.

Dated this 21st day of July, 2011.

**KELLEY, WOLTER & SCOTT, P.A.**

s/Kevin M. Magnuson
Daniel M. Scott (#098395)
Kevin M. Magnuson (#306599)
431 S. 7th Street, Suite 2530
Minneapolis, MN 55415
(612) 371-9090 (Tel.)
(612) 371-0574 (Fax)
kmagnuson@kelleywolter.com
dscott@kelleywolter.com

***Counsel for Plaintiffs***